UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.<br><br>　　　　　Defendants. | No. 2:20-cv-2243 TLN AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C § 12132; and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794.

I.　　Removal

On November 9, 2020, defendants Medina, Singh, California Department of Corrections and Rehabilitations ("CDCR"), and State of California filed a notice of removal under 28 U.S.C. § 1441(a). ECF No. 1 at 1-4. These defendants all consented to removal, and the action was removed within thirty days of service on the last-served defendant, as required under 28 U.S.C. § 1446(b). Although plaintiff later submitted documentation showing that defendant Newsom had been served at the time of removal, ECF No. 8 at 4, he did not move to remand the case based on Newsom's failure to consent to the removal, see 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made

1

within 30 days after the filing of the notice of removal under section 1446(a).").  Thus, plaintiff has waived any defect in consent, and removal here was proper.  See Vasquez v. N. County Transit Dist., 292 F.3d 1049, 1060 n.5 (9th Cir. 2002) (failure to file timely motion to remand waived any defect based on failure to join all defendants in notice of removal).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint alleges that plaintiff is legally blind and suffers from severe hearing loss in both ears, making him a disabled person under the ADA and RA, and that defendants Newsom, Green, Medina, Overley, Gallagher, Singh, CDCR, Braille and Talking Book Library, the State of California, and Doe defendants 1-30 violated his rights under the ADA and RA. ECF No. 1 at 6-23.

#### A. Claim One

In his first claim, plaintiff alleges that he submitted a request to defendants Newsom and Does 1-5 for accommodations and employment while in prison but that it was never processed or investigated. Id. at 9-10. He alleges that by failing to respond to his request these defendants discriminated against him and deprived him of employment and ADA accommodations such as a computer with blind-compatible software, a scanner, and a printer, which denied him the ability to effectively communicate. Id. at 9-10.

#### B. Claim Two

In his next claim, plaintiff alleges that defendants Medina and Does 13, 14, 15, 26, and 27

////

conspired to and did terminate plaintiff's access to accessible equipment[1] with the assistance of defendants Overley, Gallagher, Singh, and Does 18-25 and non-defendant Mathis, which prevented plaintiff's access to the courts. Id. at 11-15. Specifically, he alleges that Medina and Does 13, 14, 15, 26, and 27 directed Mathis to fabricate records showing that plaintiff was not disabled so that he could be transferred to a prison without the proper accommodations. Id. at 11-12. As a result, plaintiff was transferred from California Medical Facility ("CMF"), the only prison for the blind, to California State Prison, Corcoran. Id.

At Corcoran, defendant Overley responded to an accommodation request by telling plaintiff that he had talked with staff from CMF, that they "don't have any of that stuff," and that plaintiff was "not gonna get it either." Id. at 12. Overley and Does 18-20 then prevented plaintiff's access to the courts by holding him in Corcoran CTC "without pen, paper, envelopes, telephone access or means of communicating with the courts" and confiscated his braille and talking player and cartridges. Id. at 13. Defendant Gallagher similarly prevented plaintiff's access to the courts by denying his ADA requests for blind computer access, a video magnifier, and a CapTel telephone, and advised plaintiff that "[o]ur policy is deny all requests, to avoid being accused of discrimination." Id.

When plaintiff's primary care physician requested that he be transferred back to CMF, Does 26 and 27 instead transferred plaintiff to the California Health Care Facility, and instructed defendants Singh and Does 22-25 to deny plaintiff's ADA accommodation requests, which they did. Id. at 13-15. Doe defendant 24 further ordered the seizure of plaintiff's legal files, law books, and court files because he was "goin' blind, don't need 'em!" and all of his court cases had been dismissed. Id. at 15.

C. Claim Three

Claim Three alleges that defendants Green, Braille and Talking Book Library, CDCR, Singh, and Does 6-9, 22, 23, 25, and 28-30 interfered with plaintiff's access to federally funded programs for the blind and hearing impaired. Id. at 16-19. Over a period of eighteen months,

---

[1] This included a scanner, computer with blind-compatible software, laser printer, and Rutter Group law books. ECF No. 1 at 11.

defendants Green and Does 6-9, and 28-30 prevented plaintiff's access to a high-volume player and headphones from the National Library Service, and Green and Doe 8 returned digital cartridges without plaintiff's knowledge. Id. at 16-17. Plaintiff alleges that Green, CDCR, and Does 6-9 had all been named and served in a civil action that plaintiff had brought, and that they prevented his access to federal ADA programs in retaliation. Id. at 17.

Plaintiff further alleges that defendants Braille and Talking Book Library and Does 28-30 refused to register him for various federally funded benefits on the ground that they were required to "follow rules and regulations restructions [sic] outlined by our respective state correctional agency," and defendants Singh, CDCR, and Does 22, 23, and 25 denied plaintiff's request to be allowed access to these benefits,[2] which included news services, the Bible, and movies. Id. at 18. Singh, CDCR, and Does 22 and 23 have also prevented plaintiff's use of the media room, which was designed for the use of disabled prisoners, instead using it as a staff storeroom and nap room. Id. at 18-19. As a result of defendants' conduct, plaintiff has been deprived of recreational activities comparable to those provided to inmates who are not blind or hearing impaired.

D.  Claim Four

Plaintiff alleges defendants Green, Medina, Overley, Gallagher, CDCR, the State of California, and Does 6-27 refused to provide plaintiff with many ADA accommodations for his blindness[3] or hearing amplification devices. Id. at 19-20.

E.  Claim Five

Plaintiff alleges defendants Green, Overly, Gallagher, Medina, Singh, CDCR, the State of California, and Does 7 and 8 have violated his due process rights in relation to his requests for ADA accommodation. Id. at 21-23. He claims that the CDCR and the State have staffed the Reasonable Accommodation Panel with employees without experience or expertise in ADA issues and that the process for requesting an accommodation is defective because plaintiff is

---

[2] Some of these benefits are available by telephone, but the CDCR has blocked the telephone numbers of these toll-free services. ECF No. 1 at 18.
[3] These included "[l]arge text CDC forms, rules and regulations, thick lined paper, bold pens, stencils, signature guides, talking clocks, tactile bumps, magnifying mirrors, binocular glasses, white cane, handheld video magnifier, tablet with comprehensive screen magnification and screen reading software, and text-to-speech software." ECF No. 1 at 19-20.

5

prohibited from attending hearings, cannot challenge denied requests, and is not provided with a transcript of the hearing. Id. at 21. He further alleges that Green, Overley, Gallagher, Medina, and Singh have all ruled that plaintiff has no right to attend Reasonable Accommodation Panel hearings and that as part of the panel Green and Does 7 and 8 denied a consulting physician's order for eye surgery to save his eyesight and he now has less than 10% vision. Id. at 21-22.

IV.   Claims for which a Response Will be Required

To state a claim under Title II of the ADA, a plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam)). "[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006). The Supreme Court has held that Title II of the ADA applies to state prisons. Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998). While the RA has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes," Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (internal citations omitted).

Plaintiff has alleged sufficient facts to show he is being denied access to services, programs, and activities as a result of the CDCR and its employees' refusal to accommodate his disabilities and the CDCR will be required to respond to this claim. However, plaintiff's Title II claims should not proceed against Newsom, Green, Medina, Overley, Gallagher, Singh, the State of California, and Doe defendants 1-27. To the extent plaintiff is attempting to make claims

1 against the individual defendants in their individual capacities, he fails to state a claim because

2 "[t]he ADA applies only to public entities." Lovell v. Chander, 303 F.3d 1039, 1052 (9th Cir.

3 2002)); 42 U.S.C. § 12131(1)(A)-(B) (defining a public entity under the ADA as any state or local

4 government or agency of a state or local government); see also Gable v. Wash. Corr. Ctr. For

5 Women, 857 F. App'x 918, 919 (9th Cir. 2021) (individuals not liable under Title II of the ADA);

6 Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either

7 Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits

8 against state officials." (citations omitted)); A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 804

9 (3rd Cir. 2007) (citation omitted) (no cause of actions against individuals under RA).  If plaintiff

10 is attempting to bring individual capacity ADA and RA claims under § 1983, he also fails to state

11 a claim.  Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an

12 action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights

13 created by Title II of the ADA or section 504 of the Rehabilitation Act.")).

14 　　　　To the extent the individual defendants are sued in their official capacities, such claims are

15 equivalent to a suit against the entity itself and are therefore redundant and may be dismissed.

16 Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dep't, 533 F.3d 780, 799 (9th

17 Cir. 2008) (citations omitted).  Furthermore, because it appears that all alleged violations stem

18 from the conduct of CDCR employees or CDCR policies, it is unnecessary for the case to proceed

19 against both the CDCR, which is a state entity, and the State of California itself.  Accordingly,

20 plaintiff's ADA and RA claims most properly proceed against the CDCR, the offending public

21 entity.

22 　　　　V.　　Failure to State a Claim

23 　　　　　　A. Braille and Talking Book Library and Does 28-30

24 　　　　Plaintiff has failed to allege facts as to any exclusion from programs or activities by

25 reason of his disability by defendant Braille and Talking Book Library or its employees, Does 28-

26 30.  The complaint alleges that these defendants denied his request to be signed up for various

27 programs on the ground that they must follow the rules, regulations, and restrictions outlined by

28 the respective state correctional agency.  Accordingly, the allegations of the complaint

7

demonstrate that plaintiff's requests were denied by these defendants because of the CDCR's policies rather than because of plaintiff's disability.

### B. Personal Involvement

The complaint fails to allege any conduct by Doe defendants 10-12, 16, 17, 21, and 24 beyond a general claim that they refused to provide him with ADA accommodations and therefore fails to state any claim against them for discrimination under the ADA or RA. To the extent plaintiff is attempting to make any claims for constitutional violations by these defendants, such claims similarly fail because there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation, Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980), and plaintiff has not alleged any facts showing the necessary personal involvement by any of these defendants.

### C. Retaliation

It appears plaintiff may also be attempting to allege retaliation under the ADA against defendants Green and Does 6-9. The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). In order to state a claim for retaliation under the ADA, "a plaintiff must make out a prima facie case '(a) that he or she was engaged in protected activity, (b) that he or she suffered an adverse action, and (c) that there was a causal link between the two.'" T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist., 806 F.3d 451, 473 (9th Cir. 2015) (quoting Emeldi v. Univ. of Or., 673 F.3d 1218, 1223 (9th Cir. 2012)) (applying Title VII retaliation standard to claims for retaliation under the ADA). "Pursuing one's rights under the ADA constitutes a protected activity." Pardi v. Kaiser Found. Hosp., 389 F.3d 840, 850 (9th Cir. 2004) (citation omitted). Plaintiff has alleged that defendants restricted his access to ADA accommodations because of his prior civil action against them, but he does not specify the nature of this prior suit or allege sufficient facts to show

////

8

that the lawsuit involved his rights under the ADA. The allegations are therefore insufficient to state a claim of retaliation under the ADA.

To the extent plaintiff may be attempting to make a claim of retaliation under the First Amendment, this claim also fails because plaintiff has made only a conclusory assertion that his previous lawsuit was what motivated defendants' conduct and fails to allege sufficient facts to show that defendants' actions were in response to plaintiff's protected conduct. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citation omitted) (viable retaliation claim must include allegation that defendant took adverse action against plaintiff because of his protected conduct and that the action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional goal).

D. Section 1983

Although the complaint indicates that plaintiff is raising claims under the ADA and RA only, given plaintiff's status as a pro se prisoner and the necessary liberality with which the complaint must be read, it appears that plaintiff may also be attempting to allege violations of his constitutional rights under 42 U.S.C. § 1983. However, these claims fail for the reasons set forth below.

To the extent plaintiff may be attempting to bring claims against the CDCR and the State of California under § 1983, his claims are barred by sovereign immunity because "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974) (citations omitted). "Will[v. Michigan Department of State Police, 491 U.S. 58 (1989),] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).

With respect to plaintiff's allegations that defendants Green, Medina, Overley, Gallagher, and Does 6 to 27 interfered with his access to the courts, he fails to allege any actual injury[4] or

---

[4] Although plaintiff alleges that he had four cases dismissed, it is unclear whether the dismissals were a result of the conduct alleged in this complaint. See ECF No. 1 at 12-13.

sufficient facts to demonstrate that the underlying claims were nonfrivolous.  See Lewis v. Casey, 518 U.S. 343, 349, 353 & n.3 (1996) (plaintiff must show actual injury and that "a nonfrivolous legal claim had been frustrated or was being impeded").  These allegations are therefore insufficient to state a claim for the denial of his right to access the courts.

It appears plaintiff may also be attempting to allege a Fourteenth Amendment procedural due process violation against defendants Green, Medina, Overley, Gallagher, Singh, and Does 7 and 8 in relation to their denial of his requests for accommodation through the Reasonable Accommodation Panel.  A viable procedural due process claim requires "deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection." Krainski v. Nevada ex rel. Bd. Of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 970 (9th Cir. 2010) (citing Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998)).  However, the purpose of the Reasonable Accommodation Panel hearing is to determine whether to *grant* plaintiff's requests for accommodation, not whether to *remove* them.  Accordingly, plaintiff was not at risk of being deprived of a property interest in any accommodation devices he may have been seeking and he fails to identify any specific liberty interest that was at stake.  Furthermore, to the extent the accommodation request process can be considered a form of administrative grievance, prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Plaintiff's allegations are therefore insufficient to state a due process claim.

Finally, it appears plaintiff may be attempting to state a deliberate indifference claim for denial of medical treatment against defendants Green and Does 7 and 8 based on their failure to approve plaintiff's eye surgery as part of the Reasonable Accommodation Panel.  ECF No. 1 at 22.  To establish deliberate indifference to a serious medical need, plaintiff must allege facts "showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).  Although plaintiff claims that his request for surgery through the Reasonable Accommodation Panel was denied, it is unclear what effect, if any, that the denial of surgery as

an accommodation had on the provision of surgery as medical treatment. Accordingly, plaintiff has not alleged sufficient facts to state a claim for deliberate indifference.

VI.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims for retaliation, or under § 1983 on any constitutional theory against any defendant, or against defendants Braille and Talking Book Library and Doe defendants 10-12, 16, 17, 21, 24, and 28-30. With respect to plaintiff's Title II and RA claims, the court finds defendants Newsom, Green, Medina, Overley, Gallagher, Singh, the State of California, and Doe defendants 1-27 are redundant. Accordingly, plaintiff may proceed forthwith to serve defendant CDCR on the claims that it violated his rights under the Title II of the ADA and the RA or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Title II and ADA claims against the CDCR without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all other claims and defendants.

If plaintiff chooses to file an amended complaint, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). If plaintiff seeks to allege claims for the violation of his constitutional rights, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an

amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.   Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against the defendants and some do not. Your Title II ADA and RA claims against the CDCR pass screening and may proceed. However, CDCR is the only proper defendant on that claim; you can't also sue Newsom, Green, Medina, Overley, Gallagher, Singh, the State of California, and Doe defendants 1-27. You have not stated any claims against Braille and Talking Book Library and Doe defendants 10-12, 16, 17, 21, 24, and 28-30. You also have not provided facts that show that your constitutional rights were violated by retaliation, denial of access to the courts, denial of due process, or deliberate indifference.

You have a choice to make. You may either (1) proceed immediately on your Title II ADA and RA claims against defendant CDCR and voluntarily dismiss all other claims and defendants or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims and defendants except for your Title II ADA and RA claims against defendant CDCR. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims and information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to respond to the complaint).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff has stated claims for relief against defendant CDCR under Title II of the ADA and under the RA. The claims under Title II of the ADA and under the RA against defendants Newsom, Green, Medina, Overley, Gallagher, Singh, the State of California, and Doe defendants 1-27 are redundant.

2. The allegations do not state claims for which relief can be granted on any other grounds or against any other defendants.

3. Plaintiff has the option to proceed immediately on his Title II ADA and RA claims against defendant CDCR as set forth in Section IV above, or to amend the complaint.

4. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims and defendants except for the Title II ADA and RA claims against defendant CDCR.

DATED: April 21, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>           Plaintiff,<br><br>     v.<br><br>GAVIN NEWSOM, et al.,<br><br>           Defendants. | No.  2:20-cv-2243 TLN AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his Title II ADA and RA claims against defendant CDCR without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all claims and defendants except for the Title II ADA and RA claims against defendant CDCR pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_  Plaintiff wants to amend the complaint.

DATED:_____

_____<br>
G. Daniel Walker<br>
Plaintiff pro se

1