UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | No. 2:20-cv-2243 TLN AC P<br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se with a civil action pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C § 12132; and Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 794. On April 21, 2022, the court screened the complaint and plaintiff was given the option of amending the complaint or proceeding immediately on cognizable claims only. ECF No. 9. Plaintiff has now notified the court that he would like to proceed immediately on his claims under Title II of the ADA and under the RA against defendant California Department of Corrections and Rehabilitation (CDCR) without amending the complaint. ECF No. 10. Plaintiff acknowledges that this constitutes a voluntary dismissal without prejudice of all other claims and defendants. Id.

      Plaintiff also requests that the court take judicial notice of the fact that the CDCR and State of California have already been served. ECF No. 11. The court is aware that the CDCR and State of California have already been served, as they were two of the removing defendants.

1  The screening order's reference to service of the claims in the event plaintiff chose to proceed on
2  the complaint as screened was in error.  See ECF No. 9 at 11.  The request for judicial notice will
3  therefore be denied as unnecessary.

4  Since defendant CDCR has been served, this case will be referred to the Post-Screening
5  ADR (Alternative Dispute Resolution) Project.  The undersigned is referring all post-screening
6  civil cases filed by pro se state inmates to the Post-Screening ADR Project in an effort to resolve
7  such cases more expeditiously and less expensively.  No defenses or objections shall be waived
8  by participation.

9  As set forth in the screening order, plaintiff has stated potentially cognizable claims.
10 Accordingly, the court stays this action for a period of 120 days to allow the parties to investigate
11 plaintiff's claims, meet and confer, and then participate in a settlement conference.

12 There is a presumption that all post-screening prisoner civil cases assigned to the
13 undersigned will proceed to settlement conference.[1]  However, if after investigating plaintiff's
14 claims and speaking with plaintiff, and after conferring with defense counsel's supervisor,
15 defense counsel in good faith finds that a settlement conference would be a waste of resources,
16 defense counsel may move to opt out of this pilot project.  **A motion to opt out must be filed**
17 **within thirty days of the date of this order.**

18 Once the settlement conference is scheduled, at least seven days prior to the conference,
19 each party shall submit to the settlement judge a confidential settlement conference statement.
20 The parties' confidential settlement conference statements shall include the following: (a) names
21 and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short
22 procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts
23 made to investigate the allegations; and (e) a discussion of the efforts that have been made to
24 settle the case.  Defendant shall e-mail the settlement conference statement to the settlement
25 judge's e-mail box for proposed orders, available on the court's website.  Plaintiff shall place his
26 settlement conference statement in the U.S. mail addressed to the settlement conference judge,

---

[1] If the case does not settle, the court will set a date for the filing of a responsive pleading.

United States District Court, 501 I Street, Sacramento, CA 95814. Plaintiff shall mail his settlement conference statement so that it is received by the court at least seven days before the settlement conference.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall construe Plaintiff's Notice on How to Proceed (ECF No. 10) as a VOLUNTARY DISMISSAL without prejudice of plaintiff's claims for retaliation and under 42 U.S.C. § 1983 and of all claims against defendants Newsom, Green, Medina, Overley, Gallagher, Singh, Braille and Talking Book Library, the State of California, and Doe defendants 1-30 pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and update the docket accordingly.

2. In accordance with Section IV of the April 21, 2022 screening order (ECF No. 9), this case will proceed on plaintiff's claims under Title II of the ADA and under the RA against defendant CDCR.

3. Plaintiff's request for judicial notice (ECF No. 11) is DENIED as unnecessary.

4. This action is stayed for 120 days to allow the parties an opportunity to settle their dispute before the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action. The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

5. Defendants shall file any motion to opt out of the Post-Screening ADR Project no more than thirty days from the date of this order.

6. At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the settlement judge. Defendant shall e-mail the settlement conference statement to the settlement judge's proposed orders e-mail address. Plaintiff shall place his settlement conference statement in the U.S. mail addressed to the settlement judge, United States District Court, 501 I Street, Sacramento, CA 95814. Plaintiff shall mail his settlement conference statement so that it is received by the court at least seven days before the settlement conference.

7. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

8. The parties remain obligated to keep the court informed of their current addresses at all times during the stay and while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." See L.R. 182(f).

DATED: May 4, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE