1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    G. DANIEL WALKER,                          No.  2:20-cv-2243 TLN AC P

12                Plaintiff,

13        v.                                      ORDER

14    GAVIN NEWSOM, et al.,

15                Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed a motion to strike or correct the June

18   27, 2022 order disregarding his notice regarding his position on settlement and requests for

19   discovery.  ECF No. 20.  Plaintiff argues that the notice should not have been disregarded because

20   there was no motion from defendant for a protective order regarding discovery and that his

21   discovery requests were not premature because discovery can begin once the parties confer as

22   required by Federal Rule of Civil Procedure 26(f).  Id. at 1.

23        Plaintiff's notice was properly disregarded because, as the June 27, 2022 order stated,

24   settlement negotiations and discovery requests are not to be filed.  ECF No. 18.  The court does

25   not require a motion from a party to manage its docket and plaintiff's motion to strike or correct

26   the order will be denied.

27        With regard to other issues plaintiff raises, because plaintiff is a prisoner proceeding pro

28   se, this case is exempt from Federal Rule of Civil Procedure 26(f).  See Fed. R. Civ. P. 26(f)(1)

                                             1

(does not apply to proceedings exempt from initial disclosure under Fed. R. Civ. P. 26(a)(1)(B));

Fed. R. Civ. P. 26(a)(1)(B)(iv) (pro se prisoner actions exempt from initial disclosure). Instead,

this court sets a schedule for discovery once the complaint has been answered. In this case,

defendant has now answered the complaint, and a separate discovery and scheduling order will

therefore issue. Plaintiff is further advised that because he is a pro se prisoner, his complaint was

subject to screening under 28 U.S.C. § 1915A(a) and, as a result, no defendant was required to

respond to the complaint until it had been screened. Finally, with regard to the Notice of this

Court's Expedited Trial Setting Procedures Upon Consent of All Parties, those procedures apply

only when all parties have consented to magistrate judge jurisdiction, which has not occurred in

this case. Furthermore, the procedures do not provide for the shortened discovery period plaintiff

was requesting and still provide for the filing of dispositive motions unless all parties agree they

are unnecessary.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to strike or correct the

June 27, 2022 order (ECF No. 20) is DENIED.

DATED: July 8, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE