UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>               Plaintiff,<br><br>        v.<br><br>GAVIN NEWSOM, et al.,<br><br>               Defendants. | No.  2:20-cv-2243 TLN AC P<br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, has filed a notice of intent to file a motion under Federal Rule of Civil Procedure 11.  ECF No. 29.

    In his notice plaintiff states that he intends to file a motion on October 1, 2022, on the ground that defense counsel violated Rule 11 by making false statements regarding plaintiff's exhibits filed on the docket at ECF No. 24 and plaintiff's access to a typewriter.  Id.  Plaintiff asserts that the document contains only twenty-four exhibits and does not contain exhibits 31-32, 69, 71, or 113.  Id.  However, plaintiff has misunderstood the citations.  The document at ECF No. 24 is comprised of 126 pages, and counsel's citations refer to page numbers, not exhibit numbers.  Counsel has not misled the court by citing to non-existent exhibits.

    Plaintiff also alleges that defense counsel has misled the court regarding the provision of a functional typewriter.  ECF No. 29 at 2.  Counsel did not state that plaintiff has been provided with a functional typewriter.  He stated that plaintiff has provided exhibits that indicate the

1

provision of a functional typewriter and that these issues need to be further investigated through discovery to determine the scope of plaintiff's alleged deprivations. ECF No. 27 at 6, 10. Plaintiff believes that counsel should know that he has never had a functional typewriter, based upon litigation that it is not clear counsel was involved in. This does not demonstrate that counsel misled the court and violated Rule 11. Moreover, even if counsel had been involved in a prior case, he is not expected to remember the details of every case he has ever worked on and is obligated to take necessary steps to represent his client, including by investigating plaintiff's claims and obtaining documents for use in this action.

None of the conduct identified by plaintiff violates Rule 11 and plaintiff is advised that any motions for sanctions for such conduct will be denied. Plaintiff is further advised with respect to motions for sanctions under Rule 11 that filing a notice of intent to file such a motion is not the proper procedure. A motion for sanctions is to be served on defendant "but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). In other words, plaintiff is to mail the proposed motion to defendant but should not file it with the court unless defendant fails to take corrective action within twenty-one days. Because the notice is improperly filed, it will be stricken from the record. In the future, plaintiff should not file notices of his intent to file a motion for sanctions, as such filings serve only to clutter the docket and further delay this court's ability to address other matters.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to strike plaintiff's notice of intent to file a motion for sanctions (ECF No. 29) from the record.

DATED: September 1, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE